McGREGOR W. SCOTT
United States Attorney
PAUL HEMESATH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:15-CR-00140-MCE |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| GLADYS MONDRAGON, AND JESSICA CORRO, | DATE: May 7, 2020 TIME: 10:00 a.m. COURT: Hon. Morrison C. England, Jr. |
| Defendants. | |

This case was set for status conference on May 7, 2020. By its own order the Court reset the status conference to June 4, 2020, and then to June 18, 2020. The Court excluded time pursuant to the analysis and reasoning set forth in General Orders 611 and 617. The Court invited the parties to file pleadings regarding other reasons for excluding time. This stipulation supports the reasons for the Court's initial exclusion of time and adds case-specific facts in relation to other bases for time exclusion.

On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1. This and other General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

*Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date for the status conference.  United States v. Lewis, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1  pretrial continuance must be "specifically limited in time").

2                                **STIPULATION**

3      Plaintiff United States of America, by and through its counsel of record, and defendants, by and

4  through their respective counsel of record, hereby stipulate as follows:

5      1.      By previous order, this matter was set for status on May 7, 2020.

6      2.      By the Court's own Order, the matter was continued to June 18, 2020.  The Court found

7  excludable time based on General Orders 611 and 617.

8      3.      By this stipulation, defendants now move to also exclude time between May 7, 2020, and

9  June 18, 2020, under Local Code T4.

10     4.      The parties agree and stipulate, and request that the Court find the following:

11            a)      The government has represented that the discovery associated with this case

12  includes investigative reports and other evidence.  All of this discovery has been either produced

13  directly to counsel and/or made available for inspection and copying.

14            b)      Counsel for defendants desire additional time to consult with their clients, to

15  review the current charges, to conduct investigation and research related to the charges, and to

16  discuss potential resolutions with his/her client, to prepare pretrial motions.

17            c)      Counsel for defendants believe that failure to grant the above-requested

18  continuance would deny counsel the reasonable time necessary for effective preparation, taking

19  into account the exercise of due diligence.

20            d)      The government does not object to the continuance.

21            e)      In addition to the public health concerns cited by General Order 611 and

22  presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

23  this case because counsel or other relevant individuals have been encouraged to telework and

24  minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal

25  contact should the hearing proceed.

26            f)      Based on the above-stated findings, the ends of justice served by continuing the

27  case as requested outweigh the interest of the public and the defendants in a trial within the

28  original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 7, 2020 to June 18, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

5.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  May 18, 2020                                McGREGOR W. SCOTT
                                                    United States Attorney


                                                    /s/ PAUL HEMESATH
                                                    PAUL HEMESATH
                                                    Assistant United States Attorney


Dated:  May 18, 2020                                /s/ TODD LERAS
                                                    TODD LERAS
                                                    Counsel for Defendant
                                                    JESSICA CORRO


Dated:  May 18, 2020                                /s/ TASHA CHALFANT
                                                    TASHA CHALFANT
                                                    Counsel for Defendant
                                                    GLADYS MONDRAGON


### ORDER

IT IS SO ORDERED.

Dated:  May 28, 2020


MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE