1  LAW OFFICE OF TODD D. LERAS
   Todd D. Leras, CA SBN 145666
2  455 Capitol Mall, Suite 802
3  Sacramento, California 95814
   (916) 504-3933
4  toddleras@gmail.com
   Attorney for Defendant
5  JESSICA CORRO

6
7
8                   UNITED STATES DISTRICT COURT
9                   EASTERN DISTRICT OF CALIFORNIA
10

11 | UNITED STATES OF AMERICA, | Case No.: 2:15-CR-140 MCE |
12 | Plaintiff, | |
13 | vs. | STIPULATION AND ORDER CONTINUING STATUS CONFERENCE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |
14 | | |
15 | JESSICA CORRO, and GLADYS MONDRAGON, | |
16 | Defendants. | Date:   June 18, 2020 |
17 | | Time:   10:00 a.m. |
   | | Court:  Hon. Morrison C. England, Jr. |
18
19
20
21
22          This matter was previously set for a status conference/potential change of plea hearing on
23 January 9, 2020. On December 18, 2019, the Court on its own motion by a Minute Order (ECF
24 Docket Entry Number 241) vacated the hearing and re-set the matter for April 16, 2020. During
25 that period, a series of national, state, and local events unfolded related to efforts to mitigate the
26 spread of COVID-19. The Chief Judge for the Eastern District of California issued General
27
28 ORDER CONTINUING STATUS CONFERENCE

Order 612 on March 18, 2020.  General Order 612, to mitigate the spread of COVID-19, restricted access to the federal courthouses within the district until May 1, 2020.  On April 17, 2020, the Court issued General Order 617 to extend the courthouse restrictions until June 1, 2020.  General Order 618, issued on May 13, 2020, extended the courthouse restrictions until further notice.

Ms. Corro and Ms. Mondragon are released under pre-trial conditions.  Both live in separate locations in Southern California.  On March 19, 2020, California Governor Gavin Newsom issued Executive Order N-33-20 ordering all California residents to shelter in place unless their services are needed to perform work in critical infrastructure functions.  This Executive Order prevented defense counsel and their respective clients from meeting in-person.  These meetings are necessary to prepare for a change of plea hearing and to discuss the consequences of a change of plea, including immigration consequences.  A gradual easing of shelter in place restrictions is occurring throughout California at the present time.  It is anticipated that in person client meetings will soon be possible.  This matter has previously been continued by Court Order, followed by a corresponding stipulation of the parties, based on these same public health concerns related to the COVID-19 pandemic.

The case involves allegations of transportation and distribution of controlled substances involving locations ranging from Southern California, Nevada, Utah, and this district.  The investigation included a court-authorized wiretap to investigate a drug trafficking organization believed to be based out of Redding, California.  The arrest of Ms. Mondragon and Ms. Corro occurred in Orland, California, approximately 100 miles from Sacramento.  Investigation of the events surrounding their alleged participation in this case therefore involves an extensive area

ORDER CONTINUING STATUS
CONFERENCE

spanning at least three states.

The government has outlined a potential resolution of the case as to both Ms. Corro and Ms. Mondragon. Both defendants face potential consequences relating to their citizenship status if the matter resolves through a negotiated disposition. In addition, defense counsel for both defendants desire to conduct additional research regarding the potential impact of the First Step Act on any proposed disposition. Defense counsel are therefore in need of additional time to conduct investigation and legal research as to the potential consequences of a negotiated settlement.

Plaintiff United States of America by and through Assistant United States Attorney Paul Hemesath, and Attorney Tasha Chalfant on behalf of Defendant Gladys Mondragon, and Attorney Todd D. Leras on behalf of Defendant Jessica Corro, stipulate as follows:

1. By this stipulation, Defendants now move to exclude time between June 18, 2020 and August 27, 2020 under Local Code T-4. The United States does not oppose this request.

2. Due to the volume of discovery in the case and the extensive geographical distance between locations relevant to this investigation, defense counsel for Ms. Mondragon and Ms. Corro are engaged in ongoing review of the discovery and defense investigation related to potential defenses and sentence mitigation in this matter. This investigation is necessary to ensure that potential defenses are explored and discussed with each defendant in the case.

3. Defense counsel for Ms. Mondragon and Ms. Corro represent and believe that failure to grant additional time as requested would deny each of them the reasonable time

ORDER CONTINUING STATUS CONFERENCE

necessary for effective preparation, taking into account the exercise of due diligence.

4. Based on the above-stated facts, the parties jointly request that the Court find that the ends of justice served by continuing the case as requested outweigh the best interest of the public and the Defendants in a trial within the time prescribed by the Speedy Trial Act.

5. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, within which trial must commence, the time period of June 18, 2020 to August 27, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), and (B) (iv) [Local Code T-4] because it results from a continuance granted by the Court at Defendants' request on the basis that the ends of justice served by taking such action outweigh the best interest of the public and the Defendants in a speedy trial.

6. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

Assistant U.S. Attorney Paul Hemesath and Attorney Tasha Chalfant have reviewed this proposed order and authorized Todd Leras via email to sign it on their behalf.

DATED:  June 15, 2020

By  */s/ Todd D. Leras for*
PAUL HEMESATH
Assistant United States Attorney

DATED:  June 15, 2020

By  */s/ Todd D. Leras for*
TASHA CHALFANT
Attorney for Defendant
GLADYS MONDRAGON

DATED:  June 15, 2020

ORDER CONTINUING STATUS CONFERENCE

By   <u>*/s/ Todd D. Leras*</u>
    TODD D. LERAS
    Attorney for Defendant
    JESSICA CORRO

ORDER CONTINUING STATUS CONFERENCE

**ORDER**

BASED ON THE REPRESENTATIONS AND STIPULATION OF THE PARTIES, it is hereby ordered that the status conference in this matter, scheduled for June 18, 2020, is vacated. The Court further finds, based on the representations of the parties and Defendants' request to exclude time, that the ends of justice served by granting a continuance outweigh the best interests of the public and the Defendants in a speedy trial.  Time shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(iv) and Local Code T-4, to allow necessary attorney preparation taking into consideration the exercise of due diligence for the period from June 18, 2020, up to and including August 27, 2020.

IT IS SO ORDERED.

Dated:  June 16, 2020

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

ORDER CONTINUING STATUS CONFERENCE