TASHA PARIS CHALFANT, State Bar No. 207055
Attorney at Law
5701 Lonetree Blvd., Suite 312
Rocklin, California 95765
Telephone: (916) 444-6100
Facsimile: (916) 930-6093
Email: tashachalfant@gmail.com

Attorney for Defendant
GLADYS MONDRAGON

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GLADYS MONDRAGON AND JESSICA CORRO, <br><br> Defendants. | **2:15-CR-00140 MCE** <br><br> **STIPULATION AND ORDER CONTINUING STATUS CONFERENCE, AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT** |

This matter is presently set for a status conference/potential change of plea hearing on May 20, 2021. The parties now request to continue the status conference/potential change of plea hearing to May 27, 2021.

This matter has previously been continued based on public health concerns related to the COVID-19 pandemic. During the more than fifteen-month period since mid-March 2020, a series of national, state, and local events unfolded related to the spread of COVID-19. The Chief Judge in response issued General Orders 612, 617, 618, 620, 624, 628, and 630. These orders restricted access to the federal courthouses within the district. The first order restricted public access starting on March 18, 2020. The last order, issued April 2, 2021, extended the courthouse restrictions for up to an additional 90-days.

Ms. Corro and Ms. Mondragon are released under pre-trial conditions. Both live in separate locations in Southern California. On March 19, 2020, California Governor Gavin Newsom issued

Executive Order N-33-20 ordering all California residents to shelter in place unless their services are needed to perform work in critical infrastructure functions. A series of surges and improvements in virus infection rates have resulted in corresponding increases or easing of shelter in place restrictions in California. These circumstances prevented defense counsel and their respective clients from meeting in-person. These meetings are necessary to prepare for a change of plea hearing and to discuss the consequences of a change of plea, including immigration consequences, and completion of sentencing mitigation investigation.

The case involves allegations of transportation and distribution of controlled substances involving locations ranging from Southern California, Nevada, Utah, and this district. The arrest of Ms. Mondragon and Ms. Corro occurred in Orland, California, approximately 100 miles from Sacramento. Investigation of the events surrounding their alleged participation in this case therefore involves an extensive area spanning at least three states.

The government has proposed resolution of the case as to both Ms. Corro and Ms. Mondragon. Both defendants face potential consequences relating to their citizenship status if the matter resolves through a negotiated disposition. In addition, defense counsel for both defendants desire to conduct additional research regarding sentencing mitigation. Defense counsel are therefore in need of additional time to conduct mitigation investigation, much of which involves witnesses and evidence located in Southern California, and legal research as to the potential consequences of a negotiated settlement.

Plaintiff United States of America by and through Assistant United States Attorney Paul Hemesath, and Attorney Tasha Chalfant on behalf of Defendant Gladys Mondragon, and Attorney Todd D. Leras on behalf of Defendant Jessica Corro, stipulate as follows:

1. By this stipulation, Defendants now move to exclude time between May 20, 2021 and May 27, 2021 under Local Code T-4. The United States does not oppose this request.

2. Due to the volume of discovery in the case and the extensive geographical distance between locations relevant to this investigation, defense counsel for Ms. Mondragon and Ms. Corro

are engaged in ongoing review of the discovery and defense investigation related to sentence mitigation in this matter. This investigation is necessary to explain the history and characteristics of each defendant.

3. Defense counsel for Ms. Mondragon and Ms. Corro represent and believe that failure to grant additional time as requested would deny each of them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

4. Based on the above-stated facts, the parties jointly request that the Court find that the ends of justice served by continuing the case as requested outweigh the best interest of the public and the Defendants in a trial within the time prescribed by the Speedy Trial Act.

5. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, within which trial must commence, the time period of May 20, 2021 to May 27, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), and (B) (iv) [Local Code T-4] because it results from a continuance granted by the Court at Defendants' request on the basis that the ends of justice served by taking such action outweigh the best interest of the public and the Defendants in a speedy trial.

6. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

Assistant U.S. Attorney Paul Hemesath and Attorney Todd D. Leras have reviewed this proposed order and authorized Tasha Chalfant via email to sign it on their behalf.

DATED: May 12, 2021

By */s/ Tasha Chalfant for*
PAUL HEMESATH
Assistant United States Attorney

DATED: May 12, 2021

By */s/ Tasha Chalfant*
TASHA CHALFANT
Attorney for Defendant

DATED: May 12, 2021

GLADYS MONDRAGON

By  */s/ Tasha Chalfant for*
TODD D. LERAS
Attorney for Defendant
JESSICA CORRO

**ORDER**

BASED ON THE REPRESENTATIONS AND STIPULATION OF THE PARTIES, it is hereby ordered that the status conference/potential change of plea in this matter, scheduled for May 20, 2021, is vacated. A new status conference/potential change of plea hearing is scheduled for May 27, 2021, at 10:00 a.m. The Court further finds, based on the representations of the parties and Defendants' request to exclude time, that the ends of justice served by granting a continuance outweigh the best interests of the public and the Defendants in a speedy trial. Time shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(iv) and Local Code T-4, to allow necessary attorney preparation taking into consideration the exercise of due diligence for the period from May 20, 2021, up to and including May 27, 2021.

IT IS SO ORDERED.

Dated: May 17, 2021

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE