THE LAW OFFICE OF TASHA PARIS CHALFANT, SBN 207055
Attorney at Law
5701 Lonetree Blvd., Suite 312
Rocklin, California 95765
Phone:  916-444-6100
Fax:  916-930-6093
E-mail:  tashachalfant@gmail.com

Attorney for Defendant
GLADYS MONDRAGON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>GLADYS MONDRAGON,<br><br>           Defendant. | Case No.: 2:15-cr-140 MCE<br><br>STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING PLEA HEARING; ORDER<br><br>Date:     May 27, 2021<br>Time:    10:00 a.m.<br>Court:   Hon. Morrison C. England, Jr. |

       Defendant Gladys Mondragon intends to plead guilty to a single count Superseding Information charging her with Misprision of a Felony.  Her change of plea will occur pursuant to the terms of a written plea agreement.

       On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").  The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or

ORDER RE USE OF VIDEOCONFERENCING
DURING CHANGE OF PLEA HEARING

telephone conference 1) when such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub.L. 116-23 § 15002(b)(2).

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally:

On March 30, 2020, the Chief Judge of this District, per General Order 614, also made the findings required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety." The Chief Judge has periodically renewed this finding in General Orders 620, 624, and 628. General Order 630, issued on April 2, 2021, extended the finding and authorization for videoconferencing appearances for up to an additional 90-days from the date of issuance – or until approximately July 1, 2021. Accordingly, the findings of the Judicial Conference and General Orders 614 and 630 establish that plea and sentencing hearings cannot safely take place in person.

In order to authorize plea hearings by remote means, however, the CARES Act, as implemented by General Order 614 and 630 – also required district courts in individual cases to "find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice." General Orders 614 and 630 further

ORDER RE USE OF VIDEOCONFERENCING
DURING CHANGE OF PLEA HEARING

require that the defendant consent to remote proceedings. Finally, the remote proceeding must be conducted by videoconference unless "videoconferencing is not reasonably available." In such cases, district courts may conduct hearings by teleconference.

The parties hereby stipulate and agree that each of the requirements of the CARES Act and General Orders 614 and 630 have been satisfied in this case. They request the Court enter an order making the specific findings required by the CARES Act and General Orders 614 and 630. Specifically, for the reasons set forth below, the parties agree that:

1. The plea hearing in this case cannot be further delayed without serious harm to the interest of justice, given the public health restrictions on physical contact and court closures existing in the Eastern District of California and the need in this case, which was indicted in 2015, to proceed in a timely manner;

2. The defendant waives her physical presence at the hearing and consents to remote hearing by videoconference and counsel joins in that waiver.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and Defendant GLADYS MONDRAGON, by and through her counsel of record, hereby stipulate as follows:

1. California Governor Gavin Newsom declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2. On March 13, 2020, President Donald J. Trump issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3. The Centers for Disease Control and Prevention (CDC) and other public health authorities, in their continuing guidance for slowing the spread of COVID-19, have suggested that the public avoid social gatherings in groups of more than 10 people and

ORDER RE USE OF VIDEOCONFERENCING
DURING CHANGE OF PLEA HEARING

practice social distancing (within about six feet) between individuals.

4. These social distancing guidelines – which are essential to combatting the virus – are generally not compatible with holding in-person court hearings.

5. On March 17, 2020, this Court issued General Order 611, noting the emergency declarations of the President and Governor of California, the CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and to practice social distancing. The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

6. On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses in the Eastern District of California to the public. It further assigned district court judges to continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act. General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

7. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 2174(d), based on the District's "critically low resources across its heavy caseload." The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined how the District's caseload (the District currently ranks first in the Ninth Circuit and eight nationally in weighted findings) and its shortage of judicial resources (the District is currently authorized only six district judges; two of those positions are currently vacant and one is without a nomination). The report further explained that a backlog of cases exists that "can only start to be alleviated" when the

ORDER RE USE OF VIDEOCONFERENCING
DURING CHANGE OF PLEA HEARING

CDC lifts its guidance regarding gatherings of individuals.

8. On April 17, 2020, General Order 617 issued, continuing court closures through June 1, 2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act. These findings have been periodically extended by General Orders 618, 620, 624, 628, and 630.

9. Given these facts, it is essential that Judges in this District resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic. By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume.

10. The plea hearing in this case accordingly cannot be further delayed without serious harm to the interests of justice. If the Court were to delay this hearing until it can be held in-person, it would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume.

11. Under CARES Act § 15002(b), Defendant GLADYS MONDRAGON consents to proceed with her change of plea hearing by video-teleconference. Counsel joins in this consent.

Assistant U.S. Attorney Paul Hemesath has reviewed this stipulation and authorized (via email) Tasha Paris Chalfant to sign it on his behalf.

IT IS SO STIPULATED.

DATED: May 25, 2021
PHILLIP A. TALBERT
Acting United States Attorney

By ___*/s/ Tasha Paris Chalfant for*___
PAUL A. HEMESATH
Assistant United States Attorney

ORDER RE USE OF VIDEOCONFERENCING
DURING CHANGE OF PLEA HEARING

DATED: May 25, 2021

By   */s/ Tasha Paris Chalfant*
      TASHA PARIS CHALFANT
      Attorney for Defendant
      GLADYS MONDRAGON

ORDER RE USE OF VIDEOCONFERENCING
DURING CHANGE OF PLEA HEARING

# ORDER

1. The Court adopts the findings and stipulations above.

2. Further, the Court specifically finds that:

    a) The plea hearing in this case cannot be further delayed without serious harm to the interests of justice.

    b) The defendant has waived her physical presence at the hearing and consents to remote hearing by videoconference; and

3. Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Orders 614 and 630, the plea hearing in this case will be conducted by videoconference.

IT IS SO ORDERED.

Dated: June 4, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

ORDER RE USE OF VIDEOCONFERENCING
DURING CHANGE OF PLEA HEARING